S. H. POMERANCE CO., INC., A/C M. J. LAMPERT SONS, INC. ET AL., *v.*
UNITED STATES

No. 7148.—Invoices dated Manchester, England, October 6, 1941, etc.
Certified October 6, 1941, etc.
Entered at New York, N. Y., November 22, 1941, etc.
Entry No. 726038, etc.

(Decided April 4, 1947)

*Siegel, Mandell & Davidson* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A,
hereto attached and made a part hereof, have been submitted for decision upon
the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section
402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of
the value of the merchandise here involved, and that such values are the ap-
praised values, less the additions made by the importers on entry because of
advances by the appraiser in similar cases.
Judgment will be rendered accordingly.

DAVID ASHLEY, INC., ET AL. *v.* UNITED STATES

No. 7149.—Invoices dated London, England, June 14, 1946, etc.
Certified June 17, 1946, etc.
Entered at New York, N. Y., July 26, 1946, etc.
Entry No. 707796, etc.

(Decided April 4, 1947)

*John D. Rode* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A,
hereto attached and made a part hereof, have been submitted for decision upon
the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section
402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of
the value of the merchandise here involved, and that such values are the appraised
values, less the additions made by the importers on entry because of advances
by the appraiser in similar cases.
Judgment will be rendered accordingly.